IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STATE OIL AND GAS BOARD OF ALABAMA, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CA 15-00183-C |
| | : | |
| DELPHI OIL, INC., | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff's motion to remand this matter to the Circuit Court of Monroe County, Alabama, (doc. 8), and the Defendant's response (doc. 10). For the reasons stated below, the Plaintiff's motion is **GRANTED**, and this matter is **REMANDED** to the Circuit Court of Monroe County.

The Plaintiff, State Oil and Gas Board of Alabama, filed this action in the Circuit Court of Monroe County, Alabama, on February 17, 2015. (Doc. 1-1.) The Defendant, Delphi Oil, Inc., was served with the Plaintiff's Complaint on March 7, 2015, (*see* doc. 1, ¶ 2), and removed this matter to this Court on April 3, 2015, on the basis of diversity jurisdiction, (*id.*, ¶ 7). On May 5, 2015, the Plaintiff moved to remand this matter to the Circuit Court of Monroe County arguing that, contrary to the Defendant's assertions in the Notice of Removal, this Court does not have subject matter jurisdiction based on diversity of citizenship because the Plaintiff is not a citizen of Alabama for diversity jurisdiction purposes. (Doc. 8 at 4-6.) The Defendant does not oppose the Plaintiff's motion. (Doc. 10.) Specifically, the Defendant stated that "[i]n order to promote judicial economy and for financial reasons defendant Delphi Oil, Inc.[,] will not oppose the Plaintiff's Motion to Remand this case to State Court." (*Id.*, ¶ 2.)

As the Plaintiff asserts, the Plaintiff is merely an alter ego of the State of Alabama. *See, e.g.,* Ala.Code 1975 § 9-17-17 ("[The State Oil and Gas Board], through the Attorney General, . . . shall bring in the name of the State of Alabama against such person . . . a civil action. . . ."); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) ("[W]e conclude that the University [of South Alabama] is an instrumentality of the state, not a citizen of the state of Alabama, for the purpose of diversity jurisdiction."); *Centraal Stikstof Verkoopkantoor, N.V. v. Ala. State Docks Dep't*, 415 F.2d 452, 457 (5th Cir. 1969) (concluding that the Alabama State Docks Department was an alter ego of the state for purposes of diversity jurisdiction); *La. Land & Exploration Co. v. La. State Mineral Bd.*, 229 F.2d 5, 8 (5th Cir. 1956) ("[T]his suit against the State Mineral Board, a mere agency or arm of the State, is in effect, a suit against the State."). Furthermore, "it is well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states." *Postal Telegraph Cable Co. v. Ala.*, 155 U.S. 482, 487, 15 S. Ct. 192 (1894); *accord Univ. of S. Ala.*, 168 F.3d at 411-12 ("[I]t is well established that a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332." (citing *Moor v. Alameda County*, 411 U.S. 693, 717, 93 S. Ct. 1785, 1800, 36 L. Ed. 2d 596 (1973))). Thus, it appears to the undersigned that there is not diversity of citizenship between the parties in this case and, therefore, this Court lacks subject matter jurisdiction.

Accordingly, because the parties are not "citizens of different States" under § 1332, the Defendant does not oppose remand, and "all doubts about jurisdiction should be resolved in favor of remand to state court," *Univ. of S. Ala.*, 168 F.3d at 411, it is

hereby **ORDERED** that the motion to remand (doc. 8) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Monroe County, Alabama.

**DONE** and **ORDERED** this the 8th day of May 2015.

    s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**